# Supreme Court of Florida

_____

No. SC16-168
_____

**IN RE:  AMENDMENTS TO THE FLORIDA PROBATE RULES.**

[September 1, 2016]

PER CURIAM.

We have for consideration the regular-cycle report of proposed amendments to the Florida Probate Rules (Rules), filed by the Florida Probate Rules Committee (Committee).  See Fla. R. Jud. Admin 2.140(b).  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

## BACKGROUND

The Committee proposes amendments to rules: 5.040 (Notice); 5.041 (Service of Pleadings and Documents); 5.042 (Time); 5.080 (Discovery and Subpoena); 5.345 (Accountings Other Than Personal Representatives' Final Accountings); 5.346 (Fiduciary Accounting); 5.550 (Petition to Determine Incapacity); 5.560 (Petition for Appointment of Guardian of an Incapacitated Person); 5.620 (Inventory); 5.690 (Initial Guardianship Report); and 5.696 (Annual

Accounting). The Board of Governors of The Florida Bar unanimously approved these proposals.

The Committee published its proposed amendments in The Florida Bar News before submitting them to the Court. It received one comment but ultimately concluded that no additional amendments were necessary. After the Committee's report was filed, the Court published the amendments for comment. We received one comment from Mr. Franklin Burr. The Committee filed a response to the comment, recommending no changes to its rules proposals.

We have fully considered the Committee's proposed amendments, the comment, and the Committee's response. As discussed in this opinion, we adopt the amendments as proposed, with two exceptions: we have revised the Committee's proposals to amend rules 5.550 (Petition to Determine Incapacity) and 5.560 (Petition for Appointment of Guardian of an Incapacitated Person). We discuss the more significant amendments to the Probate Rules below.

**AMENDMENTS**

We first amend rule 5.040 (Notice), as proposed by the Committee, to add a new subdivision (e) (In the Manner Provided for Service of Formal Notice). This subdivision provides that if a document is served in the manner provided for service of formal notice, service will be deemed complete when the document is

received and proof of service shall be made in the manner set forth in rule 5.040(a)(4).

We next amend rule 5.042(d) (Time; Additional Time after Service by Mail or E-mail), as proposed by the Committee, to clarify that Rule of Judicial Administration 2.514(b) (Computing and Extending Time; Additional Time after Service by Mail or E-Mail) shall apply to the computation of time after service in proceedings under these Probate Rules, except for those documents served by formal notice or in the manner provided for service of formal notice.

Rule 5.080, now titled "Discovery, Subpoena, and Taking Testimony," is amended in subdivision (a) (Adoption of Civil Rules) to authorize applying Rule of Civil Procedure 1.451 (Taking Testimony) in all probate and guardianship proceedings.

Rule 5.346 (Fiduciary Accounting) is amended, as recommended by the Committee, to clarify that the rule does not apply to guardian accountings. Guardian accountings are addressed separately in rule 5.696 (now titled "Guardian Accounting").

We amend rules 5.550(a) (Petition to Determine Incapacity; Contents) and 5.560(a) (Petition for Appointment of Guardian of an Incapacitated Person; Contents) to require that a petition to determine incapacity or a petition seeking appointment of a guardian for an incapacitated person must state whether there are

possible alternatives to guardianship known to the petitioner. In his comment, Mr. Franklin Burr argues in part that these rules should require the petitioning party to identify any known surrogates, in addition to trust agreements, powers of attorney, or advance directives. We agree, and we have revised the Committee's proposal to include a surrogate in the list of possible alternatives to guardianship.

Finally, we amend rule 5.696, now titled "Guardian Accounting," addressing the requirements for guardian accountings required under chapter 744, Florida Statutes (other than simplified accountings permitted in section 744.3679). As amended, subdivision (b) (Contents) now provides that a guardian accounting must include the following items: (1) a statement of the starting balance for all assets on hand at the beginning of the accounting period (or, if none, the value of assets on the inventory); (2) a full account of all receipts and disbursements of the ward's property over which the guardian has control since the last accounting (or from the issuance of the letters of guardianship); (3) a schedule of the assets at the end of the accounting period; and (4) in the case of an annual accounting, a copy of the annual or year-end statement for all of the ward's cash accounts. Subdivision (c) (Accounting Standards) of rule 5.696 outlines the standards that should be used in guardian accountings for transactions occurring on or after January 1, 2017. Subdivision (c)(1) provides that accountings shall be stated in a manner that is understandable to persons unfamiliar with practices and terminology that are

unique to the administration of guardianships. Subdivision (c)(2) requires that the accounting begin with a concise summary of its purpose and content. Subdivision (c)(3) states that the accounting must contain sufficient information disclosing all significant transactions during the accounting period. Subdivision (c)(4) provides that the accounting shall contain two values in the schedule of assets: the asset acquisition value or carrying value, and the estimated current value. And subdivision (c)(5) states that gains and losses must be shown separately in the same schedule. Also in rule 5.696, we add new subdivision (d) (Accounting Format), which indicates that a model format for a guardian accounting is included in Appendix A; new subdivision (e) (Verification), requiring that all accountings shall be verified by the guardian; and a new committee note. In addition to the rule, we adopt Appendix A, which is accompanied by a summary form and Schedule A (Receipts), Schedule B (Disbursements), Schedule C (Capital Transactions and Adjustments), and Schedule D (Assets on Hand at Close of Accounting Period), and Appendix B outlining "Guardian Accounting Principles."

## CONCLUSION

Accordingly, we amend the Florida Probate Rules as reflected in the appendix to this opinion. New language is indicated by underscoring, and deletions are indicated by struck-through type. The committee notes are offered

for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2017, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and PERRY, JJ., concur.
CANADY, J., concurs in part and dissents in part with an opinion.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

CANADY, J., concurring in part and dissenting in part.

I concur with the rule changes adopted by the majority, except that I would not adopt the amendments to rule 5.696, which contain reporting requirements that go beyond those contained in section 744.3678, Florida Statutes, the governing substantive law.

Original Proceeding – The Florida Probate Rules Committee

Michael Travis Hayes, Co-Chair, Florida Probate Rules Committee, Lile & Hayes, PLLC, Naples, Florida; Jon Scuderi, Co-Chair, Florida Probate Rules Committee, Goldman Felcoski & Stone, P.A., Naples, Florida; Matthew Henry Triggs, Past Chair, Florida Probate Rules Committee, Boca Raton, Florida; and John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Dr. Sam Sugar, Hollywood, Florida; and Franklin Jack Burr, II, Clearwater, Florida,

Responding with Comments

## APPENDIX

**RULE 5.040.**     **NOTICE**

**(a)**     **Formal Notice.**

(1) – (3)     [No Change]

(4)     Service of formal notice pursuant to subdivision (a)(3)(A) shall be complete on receipt of the notice. Proof of service shall be by verified statement of the person giving the notice; and there shall be attached to the verified statement the signed receipt or other evidence satisfactory to the court that delivery was made to the addressee or the addressee's agent.

(5)     [No Change]

**(b) – (d)**     **[No Change]**

**(e)**     **In the Manner Provided for Service of Formal Notice.** If a document is served in the manner provided for service of formal notice, service is completed on receipt of the document, and proof of service shall be in the manner set forth in subdivision (a)(4).

### Committee Notes

[No Change]

**Rule History**

1975-2012 Revisions:     [No Change]

2016 Revision: Subdivision (e) created to specify when service in the manner provided for service of formal notice is completed. Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]

# RULE 5.041.  SERVICE OF PLEADINGS AND DOCUMENTS

[No Change]

## Committee Notes

Derived from Florida Rule of Civil Procedure 1.080.  Regulates the service of pleadings and ~~papers~~documents in proceedings on petitions or motions for determination of rights.  It is not applicable to every pleading and ~~paper~~document served or filed in the administration of a guardianship or decedent's estate.

## Rule History

1984-2012 Revisions:     [No Change]

2016 Revision: Committee notes revised.

## Statutory References

ch. 39, Fla. Stat. Proceedings relating to children.
ch. 48, Fla. Stat. Process and service of process.
ch. 61, Fla. Stat. Dissolution of marriage; support; time-sharing.
ch. 63, Fla. Stat. Adoption.
§ 393.12, Fla. Stat. Capacity; appointment of guardian advocate.
§ 731.201, Fla. Stat. General definitions.
§ 731.301, Fla. Stat. Notice.
§ 733.212, Fla. Stat. Notice of administration; filing of objections.
§ 733.2123, Fla. Stat. Adjudication before issuance of letters.
§ 733.705(2), (4), Fla. Stat. Payment of and objection to claims.
ch. 743, Fla. Stat. Disability of nonage of minors removed.
§ 744.3085, Fla. Stat. Guardian advocates.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.447, Fla. Stat. Petition for authorization to act.
ch. 751, Fla. Stat. Temporary custody of minor children by extended family.

## Rule References

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.025 Adversary proceedings.

Fla. Prob. R. 5.030 Attorneys.

Fla. Prob. R. 5.040 Notice.

Fla. Prob. R. 5.042 Time.

Fla. Prob. R. 5.150(c) Order requiring accounting.

Fla. Prob. R. 5.180 Waiver and consent.

Fla. Prob. R. 5.240(a) Notice of administration.

Fla. Prob. R. 5.340(d) Inventory.

Fla. Prob. R. 5.550 Petition to determine incapacity.

Fla. Prob. R. 5.560 Petition for appointment of guardian of an incapacitated person.

Fla. Prob. R. 5.649 Guardian advocate.

Fla. Prob. R. 5.681 Restoration of rights of person with developmental disability.

Fla. R. Civ. P. 1.080 Service of pleadings and ~~papers~~documents.

Fla. R. Jud. Admin. 2.505 Attorneys.

Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.

**RULE 5.042.        TIME**

**(a)    [No Change]**

**(b)    Enlargement.**  When an act is required or allowed to be done at or within a specified time by these rules, by order of court, or by notice given thereunder, for cause shown the court at any time in its discretion

(1)    with or without notice, may order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order~~,~~; or

(2)    on motion made and notice, after the expiration of the specified period, may permit the act to be done when failure to act was the result of excusable neglect.  The court under this rule may not extend the time for serving a motion for rehearing or ~~to~~ enlarge any period of time governed by the Florida Rules of Appellate Procedure.

**(c)    [No Change]**

**(d)    Additional Time after Service by Mail or E-mail.**  ~~Except when serving formal notice, or when serving a motion, pleading, or other document in~~

- 9 -

~~the manner provided for service of formal notice,~~ Florida Rule of Judicial Administration 2.514<u>(b)</u> shall apply to the computation of time following service<u>,</u> <u>except for documents served by formal notice or in the manner provided for service of formal notice</u>.

**Committee Notes**

[No Change]

**Rule History**

1984-2012 Revisions:     [No Change]

<u>2016 Revision: Subdivision (d) revised to clarify that Florida Rule of Judicial Administration 2.514(b) does not apply if a document is served by formal notice or in the manner provided for service of formal notice.  Committee notes revised.</u>

**Statutory References**

[No Change]

**Rule References**

[No Change]


**RULE 5.080.     DISCOVERY**, ~~AND~~ **SUBPOENA<u>, AND TAKING TESTIMONY</u>**

**(a)     Adoption of Civil Rules.**  The following Florida Rules of Civil Procedure shall apply in all probate and guardianship proceedings:

(1) – (14)     [No Change]

<u>(15)   Rule 1.451, taking testimony.</u>

**(b) – (c)     [No Change]**

**Committee Notes**

[No Change]

**Rule History**

1975-2007 Revisions:     [No Change]

2016 Revision: Florida Rule of Civil Procedure 1.451 has been added to subdivision (a).  Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]

**RULE 5.345.     ACCOUNTINGS OTHER THAN PERSONAL REPRESENTATIVES' FINAL ACCOUNTINGS**

**(a) – (e)     [No Change]**

**(f)     Substantiating ~~Papers~~Documents.**  On reasonable written request, the fiduciary shall permit an interested person to examine ~~papers~~documents substantiating items in any accounting to which this rule applies.

**(g) – (h)     [No Change]**

**Committee Notes**

[No Change]

**Rule History**

1977-2005 Revisions:     [No Change]

2016 Revision: Subdivision (f) revised to substitute "documents" for "papers."

**Statutory References**

[No Change]

**Rule References**

[No Change]

**RULE 5.346.        FIDUCIARY ACCOUNTING**

**(a)        Contents.**  A fiduciary accounting, other than a guardian accounting, shall include:

(1)        all cash and property transactions since the date of the last accounting or, if none, from the commencement of administration, and

(2)        a schedule of assets at the end of the accounting period.

**(b) – (d)        [No Change]**

### Committee Notes

[No Change]

**Rule History**

1988-2010 Revisions:        [No Change]

2016 Revision: Subdivision (a) amended to clarify that this rule does not apply to guardian accounting.  Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]

IN THE CIRCUIT COURT FOR _____ COUNTY, FLORIDA

IN RE:  ESTATE OF                                          PROBATE DIVISION

                                                                    File Number
                    Deceased.                        Division


_____ ACCOUNTING OF PERSONAL REPRESENTATIVE(S)

From: _____, _____, Through: _____, _____

   The purpose of this accounting is to acquaint all interested persons with the transactions that have occurred during the period covered by the accounting and the assets that remain on hand.  It consists of a SUMMARY sheet and Schedule A showing all Receipts, Schedule B showing all Disbursements, Schedule C showing all Distributions, Schedule D showing all Capital Transactions and Adjustments (the effect of which are also reflected in other schedules, if appropriate), and Schedule E showing assets on hand at the end of the accounting period.

   It is important that this accounting be carefully examined.  Requests for additional information and any questions should be addressed to the personal representative(s) or the attorneys for the personal representative(s), the names and addresses of whom are set forth below.

   Under penalties of perjury, the undersigned personal representative(s) declare(s) that I (we) have read and examined this accounting and that the facts and figures set forth in the Summary and the attached Schedules are true, to the best of my (our) knowledge and belief, and that it is a complete report of all cash and property transactions and of all receipts and disbursements by me (us) as personal representative(s) of the estate of _____ _____ deceased, from_____, _____ through _____ _____, _____.

   Signed on_____, _____.

Attorney for Personal Representative:  Personal Representative:

_____  _____

   Attorney      _____
               Name

Florida Bar No. _____

_____  _____

_____  _____

_____  _____

(address)                                        (address)

Telephone: _____     [Print or Type Names Under All
                                          Signature Lines]

IN THE CIRCUIT COURT FOR _____ COUNTY, FLORIDA

IN RE:  ESTATE OF                          PROBATE DIVISION
                                           File Number _____

_____ Deceased.                Division _____


_____ ACCOUNTING OF PERSONAL REPRESENTATIVE(S)


From: _____, _____, Through: _____, _____


## SUMMARY

|  |  | Income | Principal | Totals |
|---|---|---|---|---|
| I. | Starting Balance<br>Assets per Inventory or on Hand at<br>Close of Last Accounting Period | _____ | _____ | _____ |
| II. | Receipts<br>Schedule A: | _____ | _____ | _____ |
| III. | Disbursements<br>Schedule B: | _____ | _____ | _____ |
| IV. | Distributions<br>Schedule C: | _____ | _____ | _____ |
| V. | Capital Transactions and Adjustments<br>Schedule D:  Net Gain or (Loss) | | $ _____ | _____ |
| VI. | Assets on Hand at Close of Accounting Period<br>Schedule E:  Cash and Other Assets | _____ | _____ | _____ |


NOTE: Refer to Fla. Prob. R. 5.330(b), 5.345, 5.346, and 5.400.

- 15 -

Also see Fiduciary Accountings, Chapter 12 of Practice Under Florida Probate Code (Fla. Bar CLE).

Entries on Summary are to be taken from totals on Schedules A, B, C, D and E.

The Summary and Schedules A, B, C, D and E are to constitute the full accounting. Every transaction occurring during the accounting period should be reflected on the Schedules.

All purchases and sales, all adjustments to the inventory or carrying value of any asset, and any other changes in the assets (such as stock splits) should be described on Schedule D.

The amount in the "Total" column for Item VI must agree with the total inventory or adjusted carrying value of all assets on hand at the close of the accounting period on Schedule E.

_____ ACCOUNTING OF PERSONAL REPRESENTATIVE,

ESTATE OF _____

From: _____, ____, Through: _____,

_____

SCHEDULE A                          Receipts

_____

| Date | Brief Description of Items | Income | Principal |
|------|---------------------------|--------|-----------|

_____

NOTE:    Schedule A should reflect only those items received during administration that are not shown on the inventory.  Classification of items as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.

Entries involving the sale of assets or other adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule A.

_____ ACCOUNTING OF PERSONAL REPRESENTATIVE,

ESTATE OF _____

From: _____, _____, Through: _____,

SCHEDULE B                                        Disbursements

| Date | Brief Description of Items | Income | Principal |
|------|---------------------------|--------|-----------|
|      |                           |        |           |

NOTE:    Schedule B should reflect only those items paid out during the accounting period. Classification of disbursements as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.

Entries involving the purchase of assets or adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule B.

_____ ACCOUNTING OF PERSONAL REPRESENTATIVE,

ESTATE OF _____

From: _____, _____, Through: _____,

SCHEDULE C                                                          Distributions

| Date | Brief Description of Items | Income | Principal |
|------|---------------------------|--------|-----------|
|      |                           |        |           |

NOTE:    Schedule C should reflect only those items or amounts distributed to beneficiaries during the accounting period.  Assets distributed should be shown at their inventory or adjusted carrying values.  Classification of distributions as income or principal is to be in accordance with the provisions of the Florida Principal and Income Act, Chapter 738, Florida Statutes.

Entries involving adjustments to the carrying values of assets are to be shown on Schedule D, and not on Schedule C.

_____ ACCOUNTING OF PERSONAL REPRESENTATIVE,

ESTATE OF _____

From: _____, _____, Through: _____,

_____

SCHEDULE D                                        Capital Transactions and Adjustments

(Does not include distributions.  Distributions are shown on Schedule C.)

_____

| Date | Brief Description of Transactions | Net Gain | Net Loss |
|------|----------------------------------|----------|----------|

_____

TOTAL NET GAINS AND LOSSES


NET GAIN OR (LOSS)

_____


NOTE:    Schedule D should reflect all purchases and sales of assets and any adjustments to the carrying values of any assets.

Entries reflecting sales should show the inventory or adjusted carrying values, the costs and expenses of the sale, and the net proceeds received.  The net gain or loss should be extended in the appropriate column on the right side of Schedule D.

Entries reflecting purchases should reflect the purchase price, any expenses of purchase or other adjustments to the purchase price, and the total amount paid.  Presumably no gain or loss would be shown for purchases.

Entries reflecting adjustments in capital assets should explain the change (such as a stock split) and the net gain or loss should be shown in the appropriate column on the right side of Schedule D.

The NET gain or loss should be entered in the Principal column of the Summary.

_____ ACCOUNTING OF PERSONAL REPRESENTATIVE,

ESTATE OF _____

From: _____ , _____ , Through: _____ ,

_____

SCHEDULE E                    Assets on Hand at Close of Accounting Period

(Indicate where held and legal description, certificate numbers, or other identification.)

_____

|  | Estimated Current Value | Carrying Value |
|---|---|---|

ASSETS OTHER THAN CASH:

OTHER ASSETS TOTAL

CASH:

CASH TOTAL

TOTAL ASSETS (must agree with the Total for Item VI on Summary)

NOTE:     Schedule E should be a complete list of all assets on hand reflecting inventory values for each item, adjusted in accordance with any appropriate entries on Schedule D.

Current market values for any assets that are known to be different from the inventory or carrying values as of the close of the accounting period should be shown in the column marked "Current Value."  The total inventory or adjusted carrying value (not Current Value) must agree with the Total for Item VI on Summary.

## RULE 5.550.    PETITION TO DETERMINE INCAPACITY

**(a)    Contents.**  The petition to determine incapacity shall be verified by the petitioner and shall state:

(1) – (5)    [No Change]

(6)    whether plenary or limited guardianship is sought for the alleged incapacitated person; ~~and~~

(7)    the names, relationships, and addresses of the next of kin of the alleged incapacitated person, specifying the year of birth of any who are minors, to the extent known by the petitioner~~.~~; and

(8)    whether there are possible alternatives to guardianship known to the petitioner, including, but not limited to, trust agreements, powers of attorney, surrogates, or advance directives.

**(b) – (d)    [No Change]**

### Committee Notes

**Rule History**

1980-2014 Revisions:    [No Change]

2016 Revision: Subdivision (a)(8) added to require the disclosure of whether there are possible alternatives to guardianship known to the petitioner.  Committee notes revised.

**Statutory References**

§ 744.3115, Fla. Stat. Advance directives for health care.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.

§ 744.3371, Fla. Stat. Notice of petition for appointment of guardian and hearing.

§ 744.441(11), Fla. Stat. Powers of guardian upon court approval.

§ 744.462, Fla. Stat. Determination regarding alternatives to guardianship.

§ 765.102, Fla. Stat. Legislative intent and findings.

**Rule References**

[No Change]


**RULE 5.560.      PETITION FOR APPOINTMENT OF GUARDIAN OF AN INCAPACITATED PERSON**

**(a)      Contents.**  The petition shall be verified by the petitioner and shall state:

(1) – (8)      [No Change]

(9)      whether there are possible alternatives to guardianship known to the petitioner that may sufficiently address the problems of the alleged incapacitated person in whole or in part, including, but not limited to, trust agreements, powers of attorney, surrogates, or advance directives; and

(10)   [No Change]

**(b) – (c)      [No Change]**

### Committee Notes

**Rule History**

1975-2014 Revisions:      [No Change]

2016 Revision: Subdivision (a)(9) revised to require the disclosure of whether there are possible alternatives to guardianship known to the petitioner. Committee notes revised.

**Statutory References**

§ 744.1083, Fla. Stat. Professional guardian registration.

§ 744.309, Fla. Stat. Who may be appointed guardian of a resident ward.

§ 744.3115, Fla. Stat. Advance directives for health care.

§ 744.312, Fla. Stat. Considerations in appointment of guardian.
§ 744.3201, Fla. Stat. Petition to determine incapacity.
§ 744.331, Fla. Stat. Procedures to determine incapacity.
§ 744.334, Fla. Stat. Petition for appointment of guardian or professional guardian; contents.
§ 744.3371(1), Fla. Stat. Notice of petition for appointment of guardian and hearing.
§ 744.341, Fla. Stat. Voluntary guardianship.
§ 744.344, Fla. Stat. Order of appointment.
§ 744.462, Fla. Stat. Determination regarding alternatives to guardianship.
§ 744.703, Fla. Stat. Office of public guardian; appointment, notification.
§ 765.102, Fla. Stat. Legislative intent and findings.

**Rule References**

[No Change]


**RULE 5.620.    INVENTORY**

**(a) – (b)    [No Change]**

**(c)    Substantiating ~~Papers~~Documents.**  Unless ordered by the court, the guardian need not file the ~~papers~~documents substantiating the inventory.  Upon reasonable written request, the guardian of the property shall make the substantiating ~~papers~~documents available for examination to those persons entitled to receive or inspect the inventory.

**(d) – (e)    [No Change]**

### Committee Notes

**Rule History**

1977-2012 Revisions:    [No Change]

2016 Revision: Subdivision (c) revised to substitute "documents" for "papers."

**Statutory References**

[No Change]

**Rule References**

[No Change]

# RULE 5.690.    INITIAL GUARDIANSHIP REPORT

**(a) – (b)    [No Change]**

## Committee Notes

The committee recognizes the conflict between this rule and section 744.362, Florida Statutes, which requires the filing of the initial guardianship report (which includes the inventory) within 60 days after appointment.  The committee believes this provision, which attempts to regulate when a ~~paper~~document must be filed with the court, is procedural and that a guardian may not receive letters of guardianship empowering the guardian to act contemporaneously with the appointment.  Therefore, the issuance of letters is a more practical time from which to measure the beginning of the time period for the accomplishment of this act.

In the event the guardian of the property and the guardian of the person are not the same entity or person, they shall make a good faith effort to jointly file the initial guardianship report.

**Rule History**

1991-2012 Revisions:    [No Change]

2016 Revision:  Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

[No Change]

# RULE 5.696.    ~~ANNUAL~~GUARDIAN ACCOUNTING

**(a)** ~~Contents and Filing.~~ ~~The guardian of the property must file an annual accounting as required by law.~~ ~~The annual accounting must include:~~

~~(1)~~ ~~a full and correct account of the receipts and disbursements of all of the ward's property over which the guardian has control and a statement of the ward's property on hand at the end of the accounting period; and~~

~~(2)~~ ~~a copy of the statements of all the ward's cash accounts as of the end of the accounting period from each institution where the cash is deposited.~~**Applicability.** This rule applies to all guardian accountings required under Chapter 744, Florida Statutes, other than a simplified accounting permitted under section 744.3679, Florida Statutes.

**(b)** **Contents.** A guardian accounting shall include:

(1) a statement of the starting balance of assets on hand at the beginning of the accounting period which shall be the ending balance of the preceding accounting, or if none, the value of assets on the inventory;

(2) a full and correct account of the receipts and disbursements of all of the ward's property over which the guardian has control since the date of the last accounting or, if none, from the date of issuance of letters of guardianship;

(3) a schedule of assets at the end of the accounting period; and

(4) in the case of annual accountings, a copy of the annual or year-end statement of all of the ward's cash accounts from each of the institutions where the cash is deposited.

**(c)** **Accounting Standards.** The following standards are required for the accounting of all transactions occurring on or after January 1, 2017:

(1) Accountings shall be stated in a manner that is understandable to persons who are not familiar with practices and terminology peculiar to the administration of guardianships.

(2) The accounting shall begin with a concise summary of its purpose and content.

(3)　　The accounting shall contain sufficient information disclosing all significant transactions affecting administration during the accounting period.

(4)　　The accounting shall contain 2 values in the schedule of assets at the end of the accounting period, the asset acquisition value or carrying value, and estimated current value.

(5)　　Gains and losses incurred during the accounting period shall be shown separately in the same schedule.

**(d)　　Accounting Format.**  A model format for an accounting is attached to this rule as Appendix A.

**(e)　　Verification.**  All accountings shall be verified by the guardian filing the accounting.

(b)**(f)** **Substantiating Documents.**  Unless otherwise ordered by the court, the guardian need not file the documents substantiating the annualguardian accounting.  Upon reasonable written request, the guardian of the property shall make the substantiating documents available for examination to persons entitled to receive or inspect the annualguardian accounting.

(c)**(g)** **Interim Inspection of Records.**  Upon reasonable written request and notice, the guardian of the property shall make all material financial records pertaining to the guardianship available for inspections to those persons entitled to receive or inspect the annualguardian accounting.

## Committee Notes

The purpose of this substantial revision is for guardian accountings to conform to rule 5.346 and the Fiduciary Accounting Principles and Model Formats and commentaries incorporated into rule 5.346.  As set forth in subdivision (b)(1), the starting balance shall be the ending balance of the preceding accounting, or if none, the value of assets on the inventory.

Attached, as Appendix A, is a model accounting format which is only a suggested form.

**Rule History**

1991-2013 Revisions:　　[No Change]

- 29 -

<u>2016 Revision: Substantial rule revision.  Committee notes revised.</u>
<u>Appendix A adopted.</u>

**Statutory References**

[No Change]

**Rule References**

Fla. Prob.  R. 5.020 Pleadings; verifications; motions.
Fla. Prob.  R. 5.041 Service of pleadings and documents.
Fla. Prob.  R. 5.060 Request for notices and copies of pleadings.
<u>Fla. Prob.  R. 5.346 Fiduciary Accounting.</u>
Fla. Prob.  R. 5.610 Execution by guardian.
Fla. Prob.  R. 5.695 Annual guardianship report.
Fla. Prob.  R. 5.700 Objection to guardianship reports.
<u>Fla. R. Jud. Admin. 2.516 Service of pleadings and documents.</u>

# APPENDIX A

IN THE CIRCUIT COURT FOR _____ COUNTY, FLORIDA

IN RE: GUARDIANSHIP OF

File Number: _____

_____

Division: _____

_____ ACCOUNTING OF GUARDIAN(S)

From: _____, _____, Through: _____, _____

_____

       The purpose of this accounting is to report the assets on hand at the beginning of the accounting period, all transactions that have occurred during the period covered by the accounting, and the assets that remain on hand at the end of the accounting period. It consists of a SUMMARY sheet and Schedule A showing all Receipts, Schedule B showing all Disbursements, Schedule C showing all Capital Transactions and Adjustments (the effect of which are also reflected in other schedules, if appropriate), and Schedule D showing assets on hand at the end of the accounting period.

       Under penalties of perjury, the undersigned guardian(s) declare(s) that I (we) have read and examined this accounting and that the facts and figures set forth in the Summary and the attached Schedules are true, to the best of my (our) knowledge and belief, and that it is a complete report of all cash and property transactions and of all receipts and disbursements by me (us) as guardian(s) of _____, the ward, from, _____ _____ through _____, _____:

Signed on _____, _____:

Attorney for Guardian:                         Guardian:

_____       _____

Attorney                              _____

                                    Name

_____       _____

_____       _____

(address)                              (address)

Telephone: _____       [Print or Type Names Under All Signature

E-mail address: _____                    Lines]

Florida Bar No.: _____

IN THE CIRCUIT COURT FOR _____ COUNTY, FLORIDA

IN RE: GUARDIANSHIP OF

File Number: _____

_____

Division: _____

_____ ACCOUNTING OF GUARDIAN(S)

From:_____, _____, Through: _____, _____

SUMMARY

|  | Estimated Current Value | Carrying Value |
|---|---|---|
| I.     Starting Balance<br>Assets on Hand at Beginning of<br>Accounting Period |  | $_____ |
| II.     Receipts<br>Schedule A: |  | $_____ |
| III.     Disbursements<br>Schedule B: |  | $_____ |
| IV.     Capital Transactions and<br>Adjustments<br>Schedule C: Net Gain or (Loss) |  | $_____ |
| V.     Assets on Hand at Close of<br>Accounting Period<br>Schedule D: Cash and Other<br>Assets | $_____ | $_____ |

NOTE: Refer to Fla. Prob. R. 5.696.

Entries on Summary are to be taken from totals on Schedules A, B, C and D.

The Summary and Schedules A, B, C and D are to constitute the full accounting. Every transaction occurring during the accounting period should be reflected on the Schedules.

All purchases and sales, all adjustments to the asset acquisition or carrying value of any asset, and any other significant transactions that affect the property (such as stock splits) should be described on Schedule C.

<u>           ACCOUNTING OF GUARDIAN(S)</u>,


<u>GUARDIANSHIP OF</u>  

<u>From:</u>                      ,     , <u>Through:</u>                                ,


<u>SCHEDULE A</u>              <u>Receipts</u>


| <u>Date</u> | <u>Brief Description of Items</u> | <u>Amount</u> |
| --- | --- | --- |


<u>NOTE: Schedule A should reflect only those items received during administration during the accounting period.</u>

      <u>Entries involving the sale of assets or other adjustments to the asset acquisition or carrying values of assets are to be shown on Schedule C, and not on Schedule A.</u>

_____ ACCOUNTING OF GUARDIAN(S),

GUARDIANSHIP OF _____

From: _____ , _____ , Through: _____ .

SCHEDULE B            Disbursements

|     Date     |     Brief Description of Items     |     Amount     |
| --- | --- | --- |

NOTE: Schedule B should reflect only those items paid out during the accounting period.

Entries involving the purchase of assets or adjustments to the asset acquisition or carrying values of assets are to be shown on Schedule C, and not on Schedule B.

_____ ACCOUNTING OF GUARDIAN(S),

GUARDIANSHIP OF _____

From: _____, _____, Through: _____,

SCHEDULE C                    Capital Transactions and Adjustments

| Date | Brief Description of Transactions | Net Gain | Net Loss |
|---|---|---|---|

TOTAL NET GAINS AND LOSSES

NET GAIN OR (LOSS)

NOTE: Schedule C should reflect all purchases and sales of assets and any adjustments to the asset acquisition or carrying values of any assets.

Entries reflecting sales should show the asset acquisition or adjusted carrying values, the costs and expenses of the sale, and the net proceeds received.  The net gain or loss should be extended in the appropriate column on the right side of Schedule C.

Entries reflecting purchases should reflect the purchase price, any expenses of purchase or other adjustments to the purchase price, and the total amount paid.  Presumably no gain or loss would be shown for purchases.

Entries reflecting adjustments in capital assets should explain the change (such as a stock split) and the net gain or loss should be shown in the appropriate column on the right side of Schedule C.

The NET gain or loss should be entered in the carrying value column of the Summary.

_____ ACCOUNTING OF GUARDIAN(S),

GUARDIANSHIP OF _____

From: _____, _____, Through: _____,


SCHEDULE D              Assets on Hand at Close of Accounting Period

(Indicate where held and legal description, certificate numbers, or other identification.)


|  | Estimated Current Value | Carrying Value |
|---|---|---|


ASSETS OTHER THAN CASH:




OTHER ASSETS TOTAL _____

CASH:




CASH TOTAL      $ _____

TOTAL ASSETS (must agree with the Total for Item V on Summary)

NOTE: Schedule D should be a complete list of all assets on hand reflecting asset acquisition or carrying values for each item, adjusted in accordance with any appropriate entries on Schedule C, and estimated current values for each item.

Current market values for any assets that are known to be different from the asset acquisition or carrying values as of the close of the accounting period should be shown in the column marked "Estimate Current Value." The total adjusted carrying value (not Current Value) must agree with the Total for Item V on Summary.

APPENDIX B


GUARDIAN ACCOUNTING PRINCIPLES


I.      ACCOUNTS SHOULD BE STATED IN A MANNER THAT IS UNDERSTANDABLE BY PERSONS WHO ARE NOT FAMILIAR WITH PRACTICES AND TERMINOLOGY PECULIAR TO THE ADMINISTRATION OF GUARDIANSHIPS.

        Commentary: In order for an account to fulfill its basic function of communication, it is essential that it be stated in a manner that recognizes that the interested parties are not usually familiar with guardian accounts.  It is neither practical nor desirable to require that accounts be tailored to meet individual disabilities of particular parties but any account should be capable of being understood by a person of average intelligence, literate in English, and familiar with basic financial terms who has read it with care and attention.

        Problems arising from terminology or style are usually a reflection of the fact that people who become versed in a particular form of practice tend to forget that terms which are familiar and useful to them may convey nothing to someone else or may even be affirmatively misleading.  For example, the terms "debit" and "credit" are generally incomprehensible to people with no knowledge of bookkeeping and many people who are familiar with them in other contexts would assume that in the context of guardian accounting, the receipt of an item is a "credit" to the fund rather than a "debit" to the guardian.

        While the need for concise presentation makes a certain amount of abbreviation both acceptable and necessary, uncommon abbreviation of matters essential to an understanding of the account should be avoided or explained.

        Print-outs from electronic accounting systems or account statements can be used as attachments to the schedules in the accounting form or to clarify the accounting.  The quality of the accounts produced by these systems and account statements varies widely in the extent to which they can be understood by persons who are not familiar with them.

II.     A GUARDIAN ACCOUNT SHALL BEGIN WITH A CONCISE SUMMARY OF ITS PURPOSE AND CONTENT.

        Commentary: Very few people can be expected to pay much attention to a document unless they have some understanding of its general purpose and its significance to them.  Even with such an understanding, impressions derived from the first page or two will often determine whether the rest is read.  The use that is made of these pages is therefore of particular significance.

        The cover page should disclose the nature and function of the account.  While a complete explanation of the significance of the account and the effect of its presentation upon the rights of the parties is obviously impractical for inclusion at this point, there should be at least a brief

statement identifying the guardian and the subject matter, noting the importance of examining the account and giving an address where more information can be obtained.

A summary of the account shall also be presented at the outset. This summary, organized as a table of contents, shall indicate the order of the details presented in the account and shall show separate totals for the aggregate of the assets on hand at the beginning of the accounting period; transactions during the period; and the assets remaining on hand at the end of the period. Each entry in the summary shall be supported by a schedule in the account that provides the details on which the summary is based.

III.    A GUARDIAN ACCOUNT SHALL CONTAIN SUFFICIENT INFORMATION TO PUT THE INTERESTED PARTIES ON NOTICE AS TO ALL SIGNIFICANT TRANSACTIONS AFFECTING ADMINISTRATION DURING THE ACCOUNTING PERIOD.

Commentary: The presentation of the information account shall allow an interested party to follow the progress of the guardian's administration of assets during the accounting period.

An account is not complete if it does not itemize, or make reference to, assets on hand at the beginning of the accounting period.

Illustration:

3.1 The first account for a guardianship may detail the items received by the guardian and for which the guardian is responsible. It must begin with the total amount on the inventory.

Transactions shall be described in sufficient detail to give the court and interested parties notice of their purpose and effect. It should be recognized that too much detail may be counterproductive to making the account understandable. In accounts dealing with extensive assets, it is usually desirable to consolidate information with attachments that show detail. For instance, where income from a number of securities is being accounted for, a statement of the total dividends received on each security with appropriate indication of changes in the number of shares held will be more readily understandable and easier to check for completeness than a chronological listing of all dividends received.

Illustrations:

3.2 Extraordinary appraisal costs should be shown separately and explained.

3.3 Interest and penalties in connection with late filing of tax returns should be shown separately and explained.

3.4 Receipts and disbursements shall be shown on separate schedules in chronological order. The separate schedules may include totals by account, with separate ledgers for each account, such as securities or financial accounts.

3.5 Changes in asset values due to market fluctuations are not transactions and shall not be reflected as a loss or gain, but the estimated current value and carrying value shall be shown on the schedule listing assets held at the end of the accounting period.

IV.     A GUARDIAN ACCOUNT SHALL CONTAIN TWO VALUES, THE ASSET ACQUISITION VALUE OR CARRYING VALUE, AND CURRENT VALUE.

Commentary: In order for transactions to be reported on a consistent basis, an appropriate carrying value for assets must be chosen and employed consistently.

The carrying value of an asset should reflect its value at the time it is acquired by the guardian.  When such a value is not precisely determinable, the figure used should reflect a thoughtful decision by the guardian.  Assets received in kind should be carried at their value at the time of receipt.  For assets purchased during the administration of the guardianship, acquisition cost would normally be used.  Use of Federal income tax basis for carrying value is acceptable when basis is reasonably representative of real values at the time of acquisition.

In the Model Account, carrying value is referred to as "guardian acquisition value."  The Model Account establishes the initial carrying value of assets as their value at inception of the guardianship for inventoried assets, date of receipt for subsequent receipts, and cost for investments.

Carrying value would not normally be adjusted for depreciation.

Except for adjustments that occur normally under the accounting system in use, carrying values should generally be continued unchanged through successive accounts and assets should not be arbitrarily "written up" or "written down."  In some circumstances, however, with proper disclosure and explanation, carrying value may be adjusted.

Illustrations:

4.1 Assets received in kind in satisfaction of a pecuniary legacy should be carried at the value used for purposes of distribution.

Illustrations:

4.2 When an asset is held under circumstances that make it clear that it will not be sold (e.g., a residence used by the ward) the guardian's estimate of value would be acceptable in lieu of an appraisal.

4.3 Considerations such as a pending tax audit or offer of the property for sale may indicate the advisability of not publishing the guardian's estimate of value.  In such circumstances, a statement that value was fixed by some method such as "per company books," "formula under buy-sell agreement," or "300% of assessed value" would be acceptable, but the guardian would be expected to provide further information to interested parties upon request.

V.     GAINS AND LOSSES INCURRED DURING THE ACCOUNTING PERIOD SHALL BE SHOWN SEPARATELY IN THE SAME SCHEDULE.

Commentary: Each transaction involving the sale or other disposition of securities during the accounting period shall be shown as a separate item in one combined schedule of the account indicating the transaction, date, explanation, and any gain or loss.

Although gains and losses from the sale of securities can be shown separately in accounts, the preferred method of presentation is to present this information in a single schedule. Such a presentation provides the most meaningful description of investment performance and will tend to clarify relationships between gains and losses that are deliberately realized at the same time.

Increases and decreases in value not related to a sale or other disposition are unrealized gains or losses and should not be shown as such on this schedule.